*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 15, 2021

Plaintiff-Appellee,

v

No. 350754
Wayne Circuit Court
LC No. 17-005195-01-FC

DARCHELLE MONIQUE CHANEY,

Defendant-Appellant.

---

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted by a jury of second-degree child abuse, MCL 750.136b(3), and sentenced to 2 to 10 years in prison. In a prior published opinion, we reversed defendant's initial sentence on the basis that the trial court improperly assessed offense variable (OV) 3. *People v Chaney*, 327 Mich App 586, 590-591; 935 NW2d 66 (2019). On remand, the trial court resentenced defendant to 1 to 10 years in prison. Defendant now appeals, arguing that her sentence was disproportionate to the offense and the offender. Because defendant has been discharged from her sentence, we dismiss this appeal as moot.

"Whether an issue is moot is a question of law that this Court reviews de novo." *In re Tchakarova*, 328 Mich App 172, 178; 936 Mich 863 (2019). A challenge to a sentence is moot once the defendant has served the minimum term and obtained release because we are not able to provide a remedy. *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003). See also *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004) ("An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy."). Defendant was resentenced on June 13, 2019, to 1 to 10 years' imprisonment with credit for 646 days' time served. Defendant indicates in her brief on appeal that she was released from prison in September 2019, and the Department of Corrections' Michigan Offender Tracking

System confirms that defendant was fully discharged from her sentence on December 5, 2020.[1] Accordingly, we dismiss defendant's appeal as moot because, under such circumstances, it is impossible for us to fashion a remedy. See *Cathey*, 261 Mich App at 510. See also MCR 7.216(A)(7) (indicating that this Court may "enter any judgment or order or grant further or different relief as the case may require").

 Dismissed.


       /s/ Jane M. Beckering
       /s/ Karen M. Fort Hood
       /s/ Michael J. Riordan

---

[1] See Michigan Department of Corrections, *Offender Tracking Information System* <https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=415942> (accessed March 24, 2020).